UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FLOWERS,

    Petitioner,                                  Civil No. 05-CV-73539-DT
                                                  HONORABLE GERALD E. ROSEN
v.                                             UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Joseph Flowers, ("Petitioner"), presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his convictions for second-degree murder, M.C.L.A. 750.317; assault with intent to do great bodily harm, M.C.L.A. 750.84; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b.

On September 28, 2005, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which petitioner was ordered to submit two copies of his petition for writ of habeas corpus, in order for the Clerk of the Court to effect service upon the respondent and the Michigan Attorney General's Office. Petitioner was given thirty days to comply with the order. Petitioner was also warned that failure to comply with the order could result in dismissal of his action.

1

To date, petitioner has failed to submit the copies of the petition for writ of habeas corpus, as required by the order of deficiency.  For the reasons stated below, petitioner's action is dismissed without prejudice because of petitioner's failure to comply with an order of the court.

## I.  Discussion

Petitioner's application is subject to dismissal, because he failed to comply with the order of deficiency by submitting two copies of the petition for writ of habeas corpus for service upon the respondent and the Michigan Attorney General's Office.

The habeas rules require the Clerk of the Court to serve a copy of the habeas petition and a copy of any order requiring responsive pleadings on the respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2  (E.D. Mich. August 2, 2005).  Petitioner's failure to submit these copies of the petition to the Clerk of the Court rendered his habeas application deficient. *See e.g. Moore v. Hawley,* 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).

A district court may *sua sponte* dismiss a habeas action pursuant to Fed. R. Civ. P. 41(b) for a habeas petitioner's failure to prosecute or to comply with a court order. *See Adams v. Justice,* 145 Fed. Appx. 889, 890 (5th Cir. 2005); *Norlander v. Plasky,* 964 F. Supp. 39, 41 (D. Mass. 1997).  Because petitioner

failed to comply with Magistrate Judge Whalen's order of deficiency by submitting the required copies, his petition is subject to dismissal.

## II.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.


        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated:  December 15, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager