UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FLOWERS,
        Petitioner,

v.

CASE NO. 05-CV-73539-DT
HONORABLE GERALD E. ROSEN
UNITED STATES DISTRICT COURT

JAN TROMBLEY,
        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT AND GRANTING RESPONDENT'S MOTION TO ENLARGE RESPONSE TIME**

    Petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his state court criminal conviction. Before the Court is petitioner's motion for order of judgment, in which he requests the entry of a default judgment based upon the fact that the respondent failed to timely file their answer by the original due date of September 16, 2006 or by the extended due dates of November 25, 2006 and February 19, 2007. Respondent has filed a motion for an enlargement of time to file a response to the petition for writ of habeas corpus.

    The Court is without power to grant petitioner a default judgment because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761

(E.D. Mich. 2001). The failure of the respondent to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Allen v. Perini,* 424 F. 2d at 138; *Gray v. Reilly,* 208 F. 3d 213; 2000 WL 302983, * 2 (6th Cir. March 14, 2000).

Furthermore, the Court has the discretion in extending the time to file a response to a habeas corpus petition and will chose to do so in this case. *See Clutchette v. Rushen*, 770 F. 2d 1469, 1474-1475 (9th Cir. 1985); *Whitfield,* 157 F. Supp. 2d at 761. Respondent contends in their motion to enlarge response time that they never received any of the Court's prior orders of responsive pleadings. A review of this Court's own files and records, which this Court is permitted to take judicial notice of in a habeas proceeding, *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005), does not show any clear indication that any of the prior orders were actually sent to respondent or received by them. Accordingly, this Court believes that respondent is entitled to an extension of time to file a response in this matter.

However, in light of the time that has passed in this case, the Court will order a fairly expeditious response from the respondent. A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891

(E.D. Mich. 2001). 28 U.S.C. § 2243.  In light of the amount of time that has passed in this case without an answer, the Court orders respondent to file an answer to the petition for writ of habeas corpus within thirty days of this order.

The Court also orders respondent to provide the Rule 5 materials at the time it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.  An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis.  1996).

**IT IS HEREBY ORDERED** that petitioner's motion for default judgment [Dkt. Entry # 9] is **DENIED.**

**IT IS FURTHER ORDERED** that respondents motion for an enlargement of time [Dkt. Entry # 11] is **GRANTED IN PART.**  Based upon the foregoing, the court orders respondent to file an answer and to produce the entire state court record within

**thirty (30) days** of the date of this order or show cause why they are unable to comply with the order.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated:  April 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager