**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH FLOWERS,

     Petitioner,                  Civil No. 05-CV-73539-DT
                                HONORABLE GERALD E. ROSEN
v.                             UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

     Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Joseph Flowers, ("Petitioner"), presently incarcerated at the Cotton Correctional

Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for second-degree

murder, M.C.L.A. 750.317; assault with intent to do great bodily harm, M.C.L.A. 750.84;

and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b.  For the

reasons stated below, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the

Wayne County Circuit Court.  This Court recites verbatim the relevant facts regarding

petitioner's conviction from the Michigan Court of Appeals' opinion affirming his

conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F.

Supp. 2d 746, 749 (E.D. Mich. 2006):

> According to eyewitness Rico Blackwell's testimony, defendant was angry at
> some of his neighbors on the night of the shooting.  Blackwell testified that
> defendant grabbed a gun, that fit the description of the gun used in the
> shooting, and said he was going downstairs to kill them.  Blackwell followed

1

defendant downstairs. When defendant could not get into the neighbor's home, he walked down the street towards the victims' store. Blackwell stated that he followed defendant and saw that defendant still had the gun with him. Blackwell saw defendant with the gun in the vicinity from where the shots originated and also observed bullets strike the victims' car. Blackwell stated that he saw defendant leave the scene after the shooting stopped and that he followed defendant home. Blackwell testified that defendant later admitted to shooting at the tires on the victims' car.

Evidence was also presented that there had been run-ins between defendant and the victims in the past and that defendant had threatened the victims about using a gun. Moreover, a spent shell casing was found outside of defendant's home that matched the casings found at the scene of the shooting.

*People v. Flowers,* No. 223461, * 1-2 (Mich.Ct.App. January 22, 2002).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 467 Mich. 891; 653 N.W. 2d 410 (2002). Petitioner then filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Flowers,* No. 99-002966 (Third Circuit Court, Criminal Division, November 12, 2003). The Michigan appellate courts denied petitioner leave to appeal. *People v. Flowers,* No. 254062 (Mich.Ct.App. August 20, 2004); *lv. den.* 472 Mich. 912; 696 N.W.2d 715 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  Evidence against Mr. Flowers was constitutionally insufficient, and his conviction must be reversed.

II.  Defendant must be resentenced because he was resentenced on the basis of inaccurate and irrelevant innuendo, both improperly introduced by the prosecutor.

III.  Defendant Flowers' convictions and sentences must be reversed where the trial court did not secure a proper oral voluntary waiver of his right to trial by jury in open court, which is required by M.C.R. 6.402; thus making his convictions and sentences invalid.

IV. Defendant was denied his right to the effective assistance of counsel guaranteed to him by both the Sixth Amendment to the United States

Constitution, and the Michigan Constitution 1963 Art 1 Sec 17, 20, where trial counsel stipulated to the admission of three spent shell casings which were used by the prosecutor to further link the defendant to the crime, and where trial counsel gave the defendant inadequate advice about a jury trial which lead the defendant to accepting a bench trial.

V. The cumulative effect of the errors raised denied Defendant Flowers his Sixth Amendment right to a fair trial and effective assistance of counsel.

VI. Defendant Flowers was denied his rights under constitutions [sic] Fourteenth and Sixth under the United States and Michigan Constitutions where the prosecution [charged petitioner] with first-degree murder, later having such a charge converted to second-degree murder, where according to the evidence and witnesses presented by the prosecution, defendant should have been charged with manslaughter, MCL 750.321, to which witnesses' testimony and evidence supports such a charge, thus, insufficient evidence existed to charge defendant with either first or second degree statutes, defendant should be granted a new trial.

VII. The trial court operated under an erroneous view of the law when it found Defendant Flowers guilty of second-degree murder, where the evidence and testimony presented by the prosecution contradicted such a finding, and such also contradicts the statute and elements of second-degree murder, thus, insufficient evidence existed to such a finding and Defendant should have been found guilty, if at all, of manslaughter, warranting a new trial or resentencing under the statute, within the guidelines.

VIII. The prosecution committed reversible plain error in violation of Defendant Flowers' Fourteenth Amendment [rights] of the United States and Michigan Constitutions when the prosecution intentionally failed to locate and produce an important *res gestae* witness, *i.e.*, Bridgette Eubanks, etc., violated Defendant's right to cross-examine and confront witnesses who had material information that may have caused Defendant to be acquitted, or provided that the prosecution's star witness' testimony of events leading up to the alleged shooting was untrue and that Mr. Blackwell intentionally lied in order to preserve the agreement between him and the prosecution.

IX. Defendant Flowers was denied his rights under constitutions [sic] Fourteenth and Sixth Amendments of the United States and Michigan Constitutions where (1) the circuit court committed reversible error in violation of said constitutions, when said court granted the prosecution's request for immunity in exchange for Rico Blackwell's testimony; (2) where the prosecution abused its discretion when [it] allowed said witness to knowingly testify falsely and sat on its hands idle and made no attempt to abreast the courts of such or corrected such; and where the acts of the prosecution

violated the bribery statute, denied defendant of his constitutional rights to a fair trial.

X. Defendant Flowers was subject to ineffective assistance of trial counsel as a result of counsel's failure to (A) obtain and review all relevant police reports and other documents; (B) failure to object to object to the prosecution's abuse of its discretion when it intentionally overcharged Defendant with first-degree murder, later having said charge reduced to second-degree murder, when the crime itself was more in retaliation (sic) to a charge of manslaughter; (C) failure to object to the trial court's erroneous view of the law when it found Defendant guilty of second-degree murder, it all the parties should have knew (sic) that a guilty finding, if at all, should have been manslaughter, (D) failure to object to the prosecution's intentional violation of defendant's right to a fair trial when it failed to produce a res gestae witness that would have contradicted Rico Blackwell's allegations of the crime; and (E) failure to object to the trial court's granting of immunity of prosecution's star witness in exchange for testimony against Defendant, and where the prosecution abused its discretion when it knowingly allowed its witness to testify falsely and made no attempts to correct such, in violation of the bribery statute; violated Defendant's Fourteenth Amendment (sic) of the United States and Bill of Rights and Sixth Amendment of the United States and right to effective assistance of counsel within the meaning of *Strickland v. Washington,* 466 U.S. 668 (1984).

XI. Defendant Flowers was denied effective assistance of counsel during appellate proceedings, where counsel failed to review all relevant documents, i.e., police reports, transcripts, etc., discovered issues mentioned herein, moved for a *Ginther* hearing and refused to move for oral arguments and argue the issues that she raised, and counsel refused to seek other issues, such as those mentioned herein, that could have caused Defendant Flowers to be remand[ed] back to the trial court for evidentiary proceedings, to further add to the record; violated Defendant's Sixth Amendment right to effective assistance of counsel within the meaning of *Strickland v. Washington,* 466 U.S. 668 (1984), and *Evitts v. Lucey,* 466 U.S. 385; 105 S. Ct. 830 (1985).

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme
Court of the United States; or
(2)      resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.   Claims # 1, # 6, and # 7.   There was sufficient evidence to convict
petitioner of the charges in this case.**

Petitioner first raises various challenges to the sufficiency of the evidence. [1]

---

[1]  Respondent contends that petitioner's sixth and seventh claims are procedurally defaulted,
because petitioner raised them for the first time on his post-conviction motion and failed to establish cause
and prejudice for failing to raise these claims on his direct appeal, as required by M.C.R. 6.508(D)(3).
Although the trial court judge did reject several of petitioner's post-conviction claims pursuant to
6.508(D)(3), the trial court denied petitioner's sixth and seventh claims pursuant to M.C.R. 6.508(D)(2), on
the ground that petitioner had already challenged the sufficiency of evidence on his direct appeal.  M.C.R.
6.508(D)(2) indicates that a court in Michigan should not grant post-conviction relief if the post-conviction
motion "alleges grounds for relief which were decided against the defendant in a prior appeal or
proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law
has undermined the prior decision[;]"   6.508(D)(2) is a rule of *res judicata* which bars a defendant from re-
litigating claims in a post-conviction motion which have already been adversely decided against him or
her.  Thus, the state courts' reliance on 6.508(D) based on *res judicata* does not bar habeas review of
petitioner's sixth and seventh claims. *See Hicks v. Straub,* 377 F. 3d 538, 558, n. 17 (6th Cir. 2004)

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The determination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review. *See Dillard v. Prelesnik,* 156 F. Supp. 2d 798, 805 (E.D. Mich. 2001). In addition, the habeas court does not substitute its judgment for that of the finder of fact. *Id.* The *Jackson* standard applies to bench trials, as well as to jury trials. *See Gilley v. Collins,* 968 F. 2d 465, 467 (5th Cir. 1992); *Gross v. Romanowski*, 2006 WL 3690923, *4 (E.D. Mich. December 12, 2006).

A habeas court must review all of the evidence in the record and determine whether a reasonable jury could have found guilt beyond a reasonable doubt. "The evidence must afford a substantial basis from which a fact in issue can reasonably be inferred." *Dillard,* 156 F. Supp. 2d at 805 *(*internal quotation omitted). Circumstantial evidence from which a reasonable inference of guilt beyond a reasonable doubt may be drawn is constitutionally sufficient to sustain a criminal conviction. *Id.*

Petitioner first claims that there was insufficient evidence to establish that he was the shooter in this case. This Court disagrees. Rico Blackwell testified that petitioner was angry at some of his neighbors, grabbed a gun that fit the description of the weapon used in the murder, and stated that he was going downstairs to kill them.

6

Blackwell followed petitioner first to the neighbor's home and then down the street towards the victims' store. Blackwell observed petitioner carrying a gun in the vicinity of where the shots were fired and also saw the bullets strike the victims' car. Petitioner left the scene after the shooting stopped. Petitioner later told Blackwell that he had fired shots at the tires on the victims' car. Evidence was also presented of prior confrontations between petitioner and the victims, in which petitioner had threatened the victims about using a gun. Finally, a spent shell casing was found outside of petitioner's home that matched the casings found at the scene of the shooting.

The identity of a defendant can be inferred through circumstantial evidence. *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). The circumstantial evidence in this case, when viewed in a light most favorable to the prosecution, was sufficient to lead a rational trier of fact to conclude that petitioner was the shooter. In addition, petitioner admitted to Blackwell that he had shot at the victims' tires. "[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F. 2d 490, 494 (8th Cir. 1979). Because there was sufficient evidence presented at trial for a rational trier of fact to conclude beyond a reasonable doubt that petitioner was the perpetrator of the crime, petitioner is not entitled to habeas relief on his first claim. *Dell,* 194 F. Supp. 2d at 648.

Moreover, to the extent that petitioner challenges Blackwell's credibility, he would not be entitled to habeas relief on this claim. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An

assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).

In his sixth claim, petitioner first contends that the prosecutor overcharged him with first-degree murder. However, the first-degree murder charge was reduced to second-degree murder at the preliminary examination. Because the first-degree murder charge was reduced at the preliminary examination, this portion of petitioner's claim is rendered moot on habeas review. *See Scott v. Bock,* 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003)(the Michigan Court of Appeals' reversal of petitioner's felony murder conviction rendered the issue of whether the trial court erred in failing to quash the information with respect to this charge moot).

In the remaining portion of his sixth claim, and again in his seventh claim, petitioner contends that the prosecutor also overcharged him with second-degree murder and the trial court erred in finding him guilty of second-degree murder, claiming that the evidence, at best, established that petitioner was guilty of the lesser offense of voluntary manslaughter.

To convict a defendant of second-degree murder, the evidence must show that the defendant "acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm." *Dillard,* 156 F. Supp. 2d at 806 (*quoting People v. Aaron*, 409 Mich. 672, 733; 299 N.W.2d 304 (1980)).

Malice for second-degree murder can be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm.

8

*People v. Djordjevic*, 230 Mich. App. 459, 462; 584 N.W.2d 610 (1998); *See also Hill v. Hofbauer,* 195 F. Supp. 2d 871, 885 (E.D. Mich. 2001). The offense of second-degree murder "does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *People v. Mayhew*, 236 Mich. App. 112, 125; 600 N. W. 2d 370 (1999).

Petitioner contends that the evidence at trial established that the shooting was done under the influence of passion and was the result of a sudden impulse, thus, establishing, at best, that he was guilty only of voluntary manslaughter. Under Michigan law, to establish voluntary manslaughter, the evidence must establish (1) that the defendant killed in the heat of passion; (2) that the passion was caused by an adequate provocation; and (3) that there was not a lapse of time during which a reasonable person could control his passions. *Williams v. Withrow,* 328 F. Supp. 2d 735, 748-49 (E.D. Mich. 2004)(citing *People v. Pouncey*, 437 Mich. 382, 388; 471 N.W.2d 346, 350 (1991)). However, a homicide which is "unplanned or impulsive" or committed "in the sudden heat of passion," but without such provocation that would stir the passions to preclude the exercise of reason, is considered murder in the second degree. *See People v. Stinson*, 58 Mich.App. 243, 246-47; 227 N.W. 2d 303 (1975)(internal citations and quotations omitted).

Petitioner's claim fails, because there was no evidence presented at trial that there had been any adequate provocation that caused him to shoot at the victims. This Court first notes that absence of provocation is not an element which the prosecution must prove for a conviction of second degree murder in Michigan. *See Cook v. Stegall,* 56 F. Supp. 2d 788, 795-96 (E.D. Mich. 1999)(*citing People v. Deason*, 148 Mich. App.

27; 384 N.W.2d 72 (1985)).  Moreover, the evidence established that petitioner and his neighbor had been engaged in a verbal argument two days prior to the shooting. (Waiver Trial and Sentence Tr., hereinafter "Tr.", pp. 14-15).  Mere words alone generally do not provide adequate provocation to reduce a murder charge to manslaughter. *See Allen v. United States,* 164 U.S. 492 (1896); *Pouncey,* 437 Mich. at 391.  Moreover, there was sufficient time for petitioner to "cool off" or to regain control of his passions following this brief verbal dispute.  Finally, there was no evidence that the victims themselves provoked petitioner.  Therefore, the record does not indicate that the state courts unreasonably determined the facts in rejecting petitioner's claim that there was sufficient evidence of adequate provocation so as to reduce the charge of second-degree murder to voluntary manslaughter. *Williams,* 328 F. Supp. 2d at 749.

Finally, to the extent that petitioner contends that there was insufficient evidence to convict of second-degree murder because he was intoxicated, petitioner would not be entitled to habeas relief.  Second degree murder is a general intent crime for which voluntary intoxication is not a defense. *People v. Longworthy*, 416 Mich. 630, 651; 331 N. W. 2d 171 (1982).  The Court will deny petitioner's sufficiency of evidence claims.

### B.  Claim # 2.  Petitioner has failed to show that the trial court relied on inaccurate information in imposing sentence.

Petitioner next contends that the trial court relied on inaccurate and irrelevant information in imposing the sentence, namely allegations made either by the prosecutor or the victims' family that petitioner was a serial professional killer, that petitioner had wielded an assault rifle and bragged about various "evil deeds," that petitioner had burned down the victim's family business to silence them, that petitioner

had entered the victims' store on two occasions armed with a rifle, and that a child had been killed in an unrelated incident by petitioner. The Michigan Court of Appeals rejected this claim, noting that petitioner had objected to this information at sentencing and the trial court judge had agreed with petitioner that this information was irrelevant and had indicated that she would not consider the information. Because there was no indication that the trial court considered the objectionable information at sentencing, the Michigan Court of Appeals rejected petitioner's claim. *Flowers,* Slip. Op. at * 2.

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948)(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345-346 (6th Cir. 1974); *Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999). Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

In the present case, the trial court judge agreed with petitioner's objections regarding this information and indicated that she would only consider any evidence or statements that went to the crime charged or the effect of petitioner's crime upon the victim's family. (Tr., p. 154). There is no indication that the trial court judge ever used

11

any of the allegedly objectionable information in fashioning sentence. Because petitioner has failed to show that the factors considered by trial court at sentencing were materially false or improperly considered, he is not entitled to habeas relief on his claim. *See Barber v. Birkett*, 276 F. Supp. 2d 700, 714 (E.D. Mich. 2003).

**C.  Claim # 3.  Petitioner made a valid waiver of his right to a jury trial.**

Petitioner next contends that the trial court failed to secure a valid waiver of his right to a jury trial, because the court did not specifically ask petitioner on the record if his waiver was voluntary.

On the day of trial, petitioner acknowledged to the trial court judge that he had signed a written waiver of jury trial form.  The trial court judge advised petitioner that he had a right to have a jury decide his case.  The judge then asked petitioner if he wished to waive his jury and have the judge decide the case and whether petitioner had signed the waiver form.  Petitioner answered in the affirmative.  The judge then asked petitioner if anyone had threatened, discouraged, or promised him anything to get him to relinquish his right to a jury trial.  Petitioner replied that there had been no threats or promises.  The judge then asked petitioner what his request was and petitioner replied, "That I have a bench trial."  The trial court found that petitioner's waiver had been knowing and intelligent. (Tr. pp. 3-4).

The burden of demonstrating that a waiver of a jury trial was invalid lies with the defendant who waived it. *See Sowell v. Bradshaw,* 372 F. 3d 821, 832 (6th Cir. 2004). "[A]lthough recommended, there is no federal constitutional requirement that a court conduct an on-the-record colloquy with the defendant prior to accepting the jury waiver." *Spytma v. Howes,* 313 F. 3d 363, 370 (6th Cir. 2002); *See also Fitzgerald v.*

12

*Withrow,* 292 F. 3d 500, 504 (6th Cir. 2002)(neither an oral colloquy, nor any other particular form of waiver, is required for a valid waiver of jury trial as a matter of federal constitutional law). Moreover, "[t]echnical knowledge of the jury trial right is not required for waiver to be effective." *Spytma*, 313 F.3d at 370 (internal quotation omitted). Most importantly, "there is a knowing and intelligent waiver where the defendant 'understood that the choice confronting him was, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge.'" *Sowell*, 372 F. 3d at 836 (*quoting United States v. Sammons*, 918 F. 2d 592, 597 (6th Cir. 1990)(internal quotation omitted)).

In the present case, the judge advised petitioner that he had a right to have a jury decide his case. The judge further ascertained that petitioner wished to relinquish this right and be tried by the court sitting without a jury. The judge asked petitioner whether any threats or promises had been made to induce him to waive his right to a jury trial. Under the circumstances, the trial court judge's brief colloquy was constitutionally sufficient. In addition, petitioner does not deny that he signed a written waiver of jury form. Courts must give "presumptive force" to written waivers of a jury trial. *Spytma*, 313 F.3d at 371. Finally, the record in petitioner's case "does not disclose any evidence that petitioner was so unaware of the rudimentary elements of trial by jury that his waiver cannot stand." *Id.* Although the trial court did not specifically ask petitioner whether he wished to voluntarily waive his right to a jury, when the entire colloquy between the trial court and petitioner is viewed in context, it is clear that petitioner voluntarily waived his right to a jury trial. Petitioner is not entitled to relief on his third claim.

13

**D. Claims # 4 and 5. Petitioner has failed to show that he was deprived of the effective assistance of counsel.**

In his fourth and fifth claims, petitioner contends that he was deprived of the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that his counsel was ineffective because he stipulated to the admission of three spent shell casings found outside of petitioner's house and the fact that one of these shell casings matched the casings found near the crime scene. The Michigan Court of Appeals rejected this claim by noting that these spent shell casings were relevant, thus, petitioner failed to show that this evidence would have been excluded had petitioner's counsel objected. *Flowers,* Slip. Op. at * 3.

Petitioner has failed to offer any reasonable argument on how the shell casing evidence would have been inadmissible at petitioner's trial and the Michigan Court of Appeals rejected petitioner's claim, because such evidence was, in fact, admissible. Petitioner was not prejudiced by defense counsel's decision to stipulate to the admission of this evidence, in light of the fact that this same evidence would have been introduced anyway in a more lengthy process without stipulations from counsel. *See*

14

*Burke v. U.S.,* 261 F. Supp. 2d 854, 862 (E.D. Mich. 2003).

Petitioner next contends that his trial counsel was ineffective for failing to ensure that petitioner made a knowing, intelligent, and voluntary waiver of his right to a jury trial. The Michigan Court of Appeals rejected petitioner's claim, because petitioner failed to properly preserve the issue by requesting an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973), thus limiting review of the claim to the record. Because the record did not establish what advice, if any, that counsel gave to petitioner concerning whether he should waive his right to a jury trial, the Michigan Court of Appeals rejected petitioner's claim. *Flowers,* Slip. Op. at * 3.

Petitioner contends that the Michigan Court of Appeals' conclusion is erroneous, because he advised the trial court at a hearing to adjourn sentencing that his counsel never explained to him what a bench [trial] was, but simply explained to petitioner instead that if petitioner proceeded with a jury trial, there would be forty people [potential jurors], only one of whom would be black or African-American. Petitioner alleged that counsel warned him that he "was going to be in trouble if I take it. He told me to take the bench." (T. 8/31/1999, p. 3).

Although petitioner raised his ineffective assistance of counsel allegation at his sentencing adjournment, he failed to properly preserve the issue by moving for a *Ginther* hearing to present evidence in support of this claim. Because petitioner failed to present any evidence in a proper manner to the Michigan courts to support his allegation that his trial counsel had been ineffective in failing to ensure that he knew he was waiving his fundamental right to a jury trial, petitioner is not entitled to an evidentiary hearing to further develop this claim in his habeas proceeding. *See Cooey*

15

*v. Coyle,* 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)).

More importantly, a defense counsel's decision to waive a defendant's right to jury and proceed with a non-jury trial is a "classic example of strategic trial judgment" for which *Strickland* requires highly deferential judicial scrutiny, particularly on habeas review. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 758 (E.D. Mich. 2005)(citation omitted). A defense counsel's advice to a client to waive his jury "constitutes a conscious, tactical choice between two viable alternatives." *Id.* In the present case, petitioner's counsel could have reasonably believed that it was better strategy for petitioner to be tried by the judge rather than a jury, and petitioner has failed to offer any evidence to the contrary. *Id. See also Willis v. Smith,* 351 F. 3d 741, 746 (6th Cir. 2003).

Moreover, petitioner has failed to show that he was prejudiced by counsel's recommendation to proceed with a bench trial, because he has presented no evidence that the trial judge was biased against him in any way. *Willis,* 351 F. 3d at 746. Finally, trial counsel's advice to petitioner to waive a jury trial and to proceed with a non-jury trial did not prejudice petitioner, where it was unlikely that a jury would have acquitted petitioner after hearing the same persuasive evidence that the trial court judge heard in this case. *Walendzinski,* 354 F. Supp. 2d at 758.

In his fifth claim, petitioner contends that the cumulative effect of these errors entitles him to habeas relief. Because the individual claims of ineffectiveness alleged by petitioner are all essentially meritless, petitioner cannot show that the cumulative errors of his counsel amounted to ineffective assistance of counsel. *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000); *Alder v. Burt,* 240 F. Supp. 2d 651, 655

(E.D. Mich. 2003).

**E.  Claims # 8, 9, 10 and 11.  Petitioner's remaining claims are procedurally defaulted.**

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

In the present case, the Wayne County Circuit Court denied petitioner's eighth, ninth, and tenth claims in his post-conviction motion, finding that he had failed to establish good cause, as required by M.C.R. 6.508(D)(3)(a) and (b), for failing to raise his remaining claims in his appeal of right.  The Michigan appellate courts denied petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  Under the circumstances, the Michigan courts clearly invoked the provisions of M.C.R. 6.508(D)(3) to procedurally bar petitioner's claims. *See e.g. Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage

17

of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

With respect to his eighth, ninth, and tenth claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.   Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard. "

> *Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying

good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (*quoting Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his eighth, ninth, and tenth claims. Appellate counsel filed a brief on appeal which raised two claims, one challenging the sufficiency of evidence to convict petitioner, and secondly, a claim involving the alleged inaccuracy of sentencing information. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Wayne County Circuit Court in its opinion and order denying post-conviction relief, *Flowers,* No. 99-

002966, Slip. Op. at * 2-5, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."  Most significantly, petitioner is unable to show that he was prejudiced by appellate counsel's alleged ineffectiveness in failing to raise his eighth, ninth, or tenth claims on his direct appeal, in light of the fact that the same trial judge who convicted petitioner at his bench trial found petitioner's additional evidence to be unpersuasive when the claims were presented to her in petitioner's post-conviction motion. *See Dunham v. Travis,* 313 F. 3d 724, 732 (2nd Cir. 2002).  Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise his eighth, ninth, and tenth claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000); *Meade,* 265 F. Supp. 2d at 872.

In the present case, petitioner has failed to demonstrate cause to excuse the default.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533; *See also Alexander v. Smith,* 342 F. Supp. 2d 677, 685 (E.D. Mich. 2004). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claims are insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review the procedurally defaulted claims on the merits. *See Alexander*, 342 F. Supp. 2d

20

at 685.

Finally, to the extent that petitioner is raising his ineffective assistance of appellate counsel claim (Claim # 11) as an independent ground for relief, he is not entitled to the issuance of a writ of habeas corpus. First, as the trial court judge noted in denying petitioner's post-conviction motion, petitioner's allegation that his appellate counsel was ineffective in failing to review certain documents, failing to move for a *Ginther* hearing, failing to raise certain issues and refusing to move for oral arguments is conclusory and unsupported. Thus, petitioner is not entitled to habeas relief on such a claim. *See e.g. Workman v. Bell,* 178 F. 3d 759, 771 (6th Cir. 1998).

Moreover, petitioner is unable to show that he was prejudiced by his appellate counsel's failure to raise his third, fourth, or fifth claims on his appeal of right, in light of the fact that petitioner raised these claims in his *pro se* supplemental brief on his appeal of right and the Michigan Court of Appeals addressed the issues and explicitly rejected them. *See Gamble v. Artuz,* 53 F. Supp. 2d 321, 325-26 (E.D.N.Y. 1999). Petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise his sixth, seventh, eighth, ninth, or tenth claims on his appeal of right, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1096 (E.D. Mich. 2004); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise his sixth through tenth claims on petitioner's

appeal of right did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing

*Gardner v. Ponte*, 817 F. 2d 183, 189 (1ˢᵗ Cir. 1987)).  In this case, there is no point in

remanding this case to the state courts to reconsider a case that they have already

adversely decided on more than one occasion. *Gardner*, 817 F. 2d at 189.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also

deny a certificate of appealability to petitioner.  In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is

required to show that reasonable jurists could debate whether, or agree that, the

petition should have been resolved in a different manner, or that the issues presented

were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529

U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's

constitutional claims on the merits, the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims to be

debatable or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition

on procedural grounds without reaching the prisoner's underlying constitutional claims,

a certificate of appealability should issue, and an appeal of the district court's order

may be taken, if the petitioner shows that jurists of reason would find it debatable

whether the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the district court was correct in its

procedural ruling. *Id.* at 484.  When a plain procedural bar is present and the district

court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).  Therefore, a district court has the power to deny a certificate of appealability *sua sponte. See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender,* 187 F. Supp. 2d at 880.  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen_____
Gerald E. Rosen
United States District Judge

Dated:  January 28, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager